# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Berkshire Life Insurance Company
of America,

                Plaintiff,

                                        Civ. No. 10-691 (RHK/RLE)

v.

Dr. Lee D. Hudelson,

                Defendant.

_____        **ORDER**

Dr. Lee D. Hudelson,

                Plaintiff,

                                        Civ. No. 10-1007 (RHK/RLE)

v.

Berkshire Life Insurance Company
of America,

                Defendant.

_____

      These two actions arise out of a dispute between Dr. Lee D. Hudelson and his long-term disability insurer, Berkshire Life Insurance Company of America ("Berkshire"). In the first (No. 10-1007), Hudelson seeks to recover benefits from Berkshire under his long-term disability policy, while in the second (No. 10-691), Berkshire seeks a declaration that the policy is void as a result of Hudelson's misrepresentations. Due to some procedural wrangling, the parties have, in the Court's

view, unduly complicated these straightforward cases. Regardless, there are two Motions currently pending before the Court: Hudelson's Motion to Remand his benefits action to state court, and Berkshire's Motion to Consolidate the two cases. Each is addressed in turn below.

1. Remand. In November 2009, Hudelson purported to commence an action in state court seeking benefits from Berkshire, but he did not serve the insurer at that time; instead, he simply mailed it a copy of the Summons and Compliant. Nevertheless, Berkshire attempted to remove the case to this Court, where it was assigned to Judge Ann D. Montgomery. Judge Montgomery later dismissed the "action," concluding that there was nothing for Berkshire to remove because, absent effective service, no action had been commenced in state court.

On March 10, 2010, Hudelson re-filed his dismissed action in state court. In an exchange of correspondence between counsel, Berkshire agreed to waive service of process in the action as of March 12, 2010. On March 30, 2010, Berkshire removed the action to this Court.

Hudelson now moves to remand, arguing that the 30-day removal deadline under 28 U.S.C. § 1446(b) began running in November 2009, when it attempted to serve Berkshire under Minnesota Statutes § 45.028.[1] Yet, the Complaint nowhere specifies

---

[1] Section 45.028 permits substitute service on the Commissioner of the Minnesota Department of Commerce in cases involving violations of several enumerated statutes. Hudelson attempted to serve Berkshire in this fashion by mailing the Commissioner the Summons and Complaint.

which of the statutes enumerated in Section 45.028 has allegedly been violated, and service of process is ineffective when a plaintiff does not "identify which of the statutes cited in Minn. Stat. § 45.028 serve[s] as a basis for permitting substitute service." Egge v. Depositors Ins. Co., No. A07-150, 2007 WL 2703137, at *2 (Minn. Ct. App. Sept. 18, 2007). Service also was ineffective because Hudelson failed to file an affidavit of compliance in state court. See Artishon v. Estate of Swedberg, No. A08-0492, 2009 WL 1047327, at *4 (Minn. Ct. App. Apr. 21, 2009) (proper service under Section 45.028 requires the plaintiff, *inter alia*, to file "an affidavit of compliance with the court").

Because service was ineffective in November 2009, the removal clock cannot have begun running at that time. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-56 (1999). Only once Berkshire waived service in March 2010 did the removal clock begin to tick. Hence, removal was timely.[2]

Hudelson also argues that Berkshire has failed to establish the amount in controversy for diversity-jurisdiction purposes. As the party invoking the Court's jurisdiction through removal, Berkshire must show by a preponderance of the evidence that Hudelson's claims "could, that is might, legally satisfy the amount in controversy requirement." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831

---

[2] Hudelson argues – without explanation – that the Court is foreclosed from determining whether service of process in November 2009 was effective. This argument is specious, as the Court necessarily must resolve that issue to address the remand Motion. He also argues that Berkshire cannot challenge service of process because it did not raise ineffective service as an affirmative defense in its Answer. Yet, Berkshire had no reason to assert the defense in its Answer because it filed that document *after* it had waived service.

3

(8th Cir. 2005).

The Court has little trouble concluding that the amount-in-controversy requirement has been satisfied here. Hudelson seeks $18,700 in unpaid benefits and "*continuing benefits of $1,700 per month.*" (Compl. ¶ 7 (emphasis added).) "In cases involving disability insurance policies, the amount in controversy determination depends on whether the validity or enforceability of the policy is at issue." Stengrim v. Nw. Mut. Life Ins. Co., Civ. No. 04-3192, 2004 WL 2390070, at *2 (D. Minn. Oct. 25, 2004) (Kyle, J.) (citation omitted). If so, "the amount in controversy is the amount of *future potential benefits* under the policy." Id. (emphasis added) (citations omitted).

By seeking past due payments and continuing monthly benefits, Hudelson's request for relief "necessitates a determination of the Policy's validity." Id. And because there is no dispute that the possible future benefits under the policy exceed $75,000 – Hudelson was 42 years old when benefits were discontinued and would be entitled to monthly payments under the policy until age 65 (Compl. ¶ 3; Answer Ex. A in Civ. No. 10-1007) – the amount-in-controversy requirement is easily satisfied.

For these reasons, the Motion to Remand will be denied.[3]

2.   Consolidation. Berkshire asks the Court to consolidate its declaratory-judgment action with Hudelson's action for benefits. Consolidation of cases is authorized under Federal Rule of Civil Procedure 42(a) where doing so will "avoid unnecessary cost

---

[3] Needless to say, Hudelson's request for sanctions based on Berkshire's "improper" removal also will be denied.

4

or delay." EEOC v. HBE Corp., 135 F.3d 543, 550 (8th Cir. 1998). Here, Hudelson offers no opposition to consolidation other than arguing it is unnecessary because his benefits action should be remanded, a contention the Court has already rejected. Moreover, it is beyond peradventure that both actions share common questions of law and fact and will likely involve the same witnesses and testimony. Accordingly, the Motion to Consolidate will be granted.[4]

Based on the foregoing, and all the files, records, and proceedings herein, it is **ORDERED** that Hudelson's Motion to Remand (Doc. No. 5 in Civ. No. 10-1007) is **DENIED** and Berkshire's Motion to Consolidate (Doc. No. 12 in Civ. No. 10-691) is **GRANTED**. Civil File Nos. 10-1007 and 10-691 are hereby **CONSOLIDATED** for all purposes, including discovery, non-dispositive motion practice, dispositive motion practice, and trial. All future filings shall be made under the case caption, Hudelson v. Berkshire Life Insurance Company of America, Civ. No. 10-1007 (RHK/RLE). Civil File No. 10-691 shall remain open for administrative purposes, but no further filings shall be made under that case number.

Dated: May 27, 2010                         s/Richard H. Kyle     
                                            RICHARD H. KYLE
                                            United States District Judge

---

[4] Hudelson's request to stay the declaratory-judgment action – which is also predicated on his argument that his case should be remanded – will similarly be denied.